IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL PAUL HARBST, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:08-CV-573-A |
| | § | |
| NATHANIEL QUARTERMAN, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

ORDER

Came on for consideration the above-captioned action wherein Michael Paul Harbst is applicant[1] and Nathaniel Quarterman, Director, Texas Department of Criminal Justice, Correctional Institutions Division, is respondent. This is an application for writ of habeas corpus filed by applicant on April 11, 2008, pursuant to 28 U.S.C. § 2254. On June 3, 2009, the United States Magistrate Judge issued his proposed findings and conclusions and recommendation ("FC&R"), and ordered that the parties file objections, if any, thereto by June 24, 2009. On June 22, 2009, applicant filed his written objections. Respondent has not made any further response. In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court

---

[1] The title of the document filed by Michael Paul Harbst on April 11, 2008, was "Petition for Writ of Habeas Corpus by a Person in State Custody," and he referred to himself as "petitioner." Consistent with the wording of 28 U.S.C. § 2254, the court is referring to the document filed April 11, 2008, as an "application" and to Michael Paul Harbst as "applicant."

makes a *de novo* determination of those portions of the FC&R to which specific objection is made. United States v. Raddatz, 447 U.S. 667 (1980).

The judgment of conviction and sentence of which applicant complains was rendered June 2, 2004, following a trial in Criminal District Court No. 4, Tarrant County, Texas, on the charge of capital murder against applicant. The indictment charged that on or about September 20, 2002, applicant caused the death of Curtis Epperley ("Epperley") by shooting him with a firearm at a time when applicant was in the course of committing, or attempting to commit, the offense of robbery of Epperley. On June 2, 2004, a jury found applicant guilty of capital murder as charged in the indictment. The State waived the death penalty, and applicant was sentenced to life imprisonment. His conviction and sentence were affirmed on October 27, 2005, on direct appeal to the Court of Appeals, Second District of Texas, Fort Worth. His petition to discretionary review was refused by the Court of Criminal Appeals of Texas on April 5, 2006.

Applicant filed a state application for writ of habeas corpus on June 8, 2007. It was denied without written order on March 19, 2008, on findings of the trial court.[2]

---

[2]When the Texas Court of Criminal Appeals denies relief in a state court habeas application without written order, the denial is an adjudication on the merits, which is entitled to the deference

(continued...)

The claims for relief urged by applicant in the federal application now under consideration by the document he filed April 11, 2009, are basically the same claims for relief he urged in his state court habeas application.

This court is required to give deference to the state court adjudications of the claims of applicant that were decided on the merits in the state court proceedings and to determinations of factual issues made by the state court, as required by 28 U.S.C. §§ 2254(d) and (e), reading in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a

---

[2](...continued)
contemplated by 28 U.S.C. § 2254. See Singleton v. Johnson, 178 F.3d 381, 384 (5th Cir. 1999). See also Ex parte Torres, 943 S.W. 2d 469, 472 (Tex. Crim. App. 1997).

>determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

The magistrate judge was not persuaded that applicant satisfied the heavy burdens placed on him by §§ 2254(d) and (e) as to any of applicant's claims. The court agrees with the conclusion implicit in the magistrate judge's proposed FC&R that applicant has failed to show that the state court's denial of any of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Moreover, the court concurs in the conclusion implicit in the magistrate judge's FC&R that applicant has failed to overcome the presumption that the determinations of factual issues made by the state court are correct; and, applicant certainly has failed to rebut the presumption of correctness by clear and convincing evidence.

Applicant's objections to the magistrate judge's FC&R add nothing new to the presentations applicant made in his April 11, 2008, application. None of the objections causes the court to

question the correctness or wisdom of the magistrate judge's recommendation that the relief sought by applicant be denied. Therefore, the court adopts the magistrate judge's proposed findings and conclusions and accepts the magistrate judge's recommendation. The relief sought by applicant under § 2254 is being denied.

    THE COURT SO ORDERS.

    SIGNED July 16, 2009.

JOHN McBRYDE
United States District Judge